# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ORANGE POWER, INC.,
RED POWER, INC., GREEN
POWER SMOKE, INC., and
1905 BAY SIGNATURE, LLC.,

     Plaintiffs,

v.                                                                Case No. 8:25-cv-3072-KKM-TGW

CENTURY SURETY CO.,

     Defendant.

_____

## ORDER

The plaintiffs move to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Mot. (Doc. 13). Though the plaintiffs allege damages that "exceed" $75,000, they now try to stipulate that they seek less than that amount. *See id.* For the reasons below, I deny the motion.

## I.    BACKGROUND

After Hurricane Milton damaged their property, the plaintiffs, who are citizens of Florida, filed a claim with Defendant Century Surety Company, an insurance company incorporated in Ohio with its principal place of business in Michigan. Compl. (Doc. 1-1) ¶¶ 1–5; Notice of Removal (Doc. 1) at 1–6. Century

denied the claim. *Id.* ¶ 6. On October 1, 2025, the plaintiffs brought this suit in state court alleging breach of contract. *Id.* at 3, 5. As they concede, the "Complaint states that 'This is an action for damages which exceed seventy-five thousand dollars.'" Mot. at 2 (quoting Compl. ¶ 1). On November 7, 2025, Century removed the action to this Court. Notice of Removal. The plaintiffs move to remand and offer a signed stipulation that they "are not seeking damages exceeding $74,999.00."[1] Mot. at 1; Stipulation (Doc. 13-1) at 2. Century opposes. Resp. (Doc. 26).

Century offers five pieces of evidence. Notice of Filing (Doc. 35). First, before the complaint was filed, the plaintiffs' public adjuster estimated that the full replacement cost was $99,558.50 and the cash value of the claim (after the deductible) was $79,795.93. Ex. A (Doc. 35-1) at 9–10; Mot. to Supplement Record (Doc. 31) at 1–2. Second, a sworn statement on the adjuster's letterhead estimates the same amounts. Ex. B (Doc. 35-2). Third, the plaintiffs valued their damages at $79,796.00 in a pre-suit notice of intent to initiate litigation. Ex. D (Doc. 35-4) at 3. Fourth, the plaintiffs asserted that the amount of the claim exceeded $75,000 in their complaint. Compl. ¶¶ 1, 8. Last, *after* filing their stipulation, the plaintiffs asserted in a mandatory disclosure that they

---

[1] Although the plaintiffs, in their motion, describe the stipulation as stating "that the amount of damages are less than $75,000.00," the actual stipulation concerns the amount of damages *sought*, not the amount potentially *owed*. *Compare* Mot. at 2, *with* Stipulation.

seek more than $79,795.93 in damages. Ex. C (Doc. 35-3) at 3. The plaintiffs do not dispute the authenticity of this evidence. *See* Mot.

## II.    Legal Standard

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The removing party must show that the amount in controversy is satisfied by a preponderance of the evidence. *See id.* "[W]hen the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002).

## III.   ANALYSIS

Century has shown by a preponderance of the evidence that the amount in controversy is over $75,000 and there is no indication "that the plaintiff cannot recover the amount claimed." *See id.* I deny the motion.

The plaintiffs argue that Century fails to prove to a legal certainty that the amount in controversy exceeds $75,000. *See* Mot. at 3. They apply incorrect

legal standards. *See* Mot. at 3 (arguing that the defendant must carry "the heavy burden of showing to a 'legal certainty' that the Plaintiffs cannot recover below the jurisdictional amount,"); *id.* at 4 (arguing that "Defendant fails to . . . prove to a legal certainty that the amount in controversy exceeds the jurisdictional amount"). Century's initial burden is merely a preponderance of the evidence. *See Kirkland*, 243 F.3d at 1281 n.5. In the light of the plaintiffs' complaint, the question is whether "it appears to a legal certainty that the plaintiff[s] cannot recover the amount claimed." *See Mitchell*, 294 F.3d at 1315.

The plaintiffs offer nothing to show that they "cannot recover the amount claimed." The stipulation is not credible in the light of the plaintiffs' contrary disclosure filed after the stipulation. Even without the disclosure, remand is unwarranted. "[E]ven when a plaintiff, 'after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount,' that decrease 'does not deprive the district court of jurisdiction.'" *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "[A] Court may consider post-removal evidence, but only to establish the facts present at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (citation modified).

The plaintiffs' stipulation that they will not seek more than $75,000 does not negate their explicit demand for more than $75,000 at the time of filing the

4

complaint. *See Mitchell*, 294 F.3d at 1315 ("[S]ince [the plaintiff] instituted the case in state court, there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.") (citation modified). In any event, Century provides more than sufficient evidence to deny remand, including the plaintiffs' own words in their disclosure. *See* Ex. C.

"If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul Mercury*, 303 U.S. 283 at 294.

## IV.    CONCLUSION

Accordingly, the following is **ORDERED**:

1.    Plaintiffs' Motion to Remand (Doc. 13) is **DENIED**.

2.    Plaintiff's Motion to Correct a Clerical Mistake (Doc. 13) is **GRANTED**. The Clerk is **DIRECTED** to substitute "1905 Bay Signature, LLC" with "Bay Signature, LLC" as plaintiff.

**ORDERED** in Tampa, Florida, March 9, 2026.

Kathryn Kimball Mizelle
United States District Judge

5